UNITED STATES *v.* PARKE, DAVIS & CO.

No. 526.   Decided January 23, 1961.

—— F. Supp. ——, judgment vacated and cause remanded.

*Solicitor General Rankin, Assistant Attorney General Bicks, Daniel M. Friedman* and *Richard A. Solomon* for the United States.

*Gerhard A. Gesell, Edward S. Reid, Jr.* and *Roberts B. Owen* for appellee.

PER CURIAM.

When this case was last here we held that the Government's proofs were sufficient to show that Parke Davis violated the Sherman Act.   However, in reversing the District Court's judgment we remanded the case with direction to afford Parke Davis a further opportunity to submit evidence in defense in order to refute the Government's right to injunctive relief.   *United States* v.

*Parke, Davis & Co.*, 362 U. S. 29, 49.   On remand, Parke Davis introduced evidence not to rebut the Government's proof as to violation but only to show that it had abandoned its illegal sales policy, and that therefore an injunction, being unnecessary, should not issue.   On that record the District. Court entered an order denying not only the injunctive relief sought by the Government, but also an adjudication that Parke Davis had violated the law.   The present appeal is not from the provision which denies injunctive relief, but from the omission of a provision adjudging that Parke Davis violated the Act.   We have examined the record as supplemented on the remand and hold that under our prior order the Government is entitled to a judgment on the merits, as prayed in paragraph 1 of the section of the Complaint captioned "Prayer."   We also hold that the District Court should retain the case on the docket for future action in the event the Government applies for further relief from an alleged resumption by Parke Davis of illegal activity. The order of the District Court filed July 18, 1960, is therefore vacated and the case is remanded to the District Court with direction to enter judgment accordingly.

*It is so ordered.*

MR. JUSTICE HARLAN, with whom MR. JUSTICE FRANK-FURTER agrees, would place this case on the summary calendar for argument, postponing to the merits consideration of the question of jurisdiction raised by the respondent.